1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MIKA CHRISTINA ALFARO,

11              Plaintiff,                    No. CIV S-07-0363 GEB[1] DAD PS

12       vs.

13   CITI BANK,                              FINDINGS AND RECOMMENDATIONS

14              Defendant.

15   _____/

16              Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma

17   pauperis pursuant to 28 U.S.C. § 1915.  The proceeding has been referred to the undersigned in

18   accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

19              Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil

20   action in a federal district court.  28 U.S.C. § 1914(a).  The district court may authorize the

21   commencement of an action "without prepayment of fees or security therefor" by an individual

22   who submits an affidavit demonstrating his or her inability to pay such fees or give security

23   therefor.  28 U.S.C. § 1915(a).

24   _____

25        [1] This action was initially assigned to District Judge Frank C. Damrell, Jr.  By order filed
     March 28, 2007, Judge Damrell recused himself, and the case was reassigned to District Judge
26   Garland E. Burrell, Jr.

1          Here, plaintiff's in forma pauperis application reveals that plaintiff is not currently

2    employed but that during the past 12 months she received money from disability or workers

3    compensation payments, gifts or inheritances, and other sources.  Plaintiff states that she received

4    $3,548.00 from the State of California, $1,276.00 in Social Security Disability benefits, and an

5    unspecified amount of "Bond's pending Direct Deposit from District Court."  Plaintiff states that

6    she has cash or checking or savings accounts containing $21,000.00, and "2 bond's pending for

7    $5,000."  The court finds that plaintiff has made an inadequate showing of indigency, and her in

8    forma pauperis application should be denied.  See Olivares v. Marshall, 59 F.3d 109, 112 (9th

9    Cir. 1995); Alexander v. Carson Adult High Sch., 9 F.3d 1448, 1449 (9th Cir. 1993).

10         Ordinarily, the undersigned would recommend that the district judge deny

11   plaintiff's in forma pauperis application and grant plaintiff twenty days to pay the filing fee in

12   full before this case proceeds further.  However, as is the case with at least ten other complaints

13   plaintiff has filed in this court since February 10, 2006, no basis for federal jurisdiction is alleged

14   in plaintiff's complaint against defendants Citi Bank and Assistant Manager Michael Castillo,

15   and plaintiff's fraud claim does not support any basis for federal jurisdiction.[2]

16         Plaintiff alleges as follows:  she opened a checking and savings account at a

17   Sacramento branch of Citi Bank on August 12, 2006; on September 9, 2006, she attempted to

18   deposit a check or checks into her account and to immediately withdraw the funds; defendant

19   Castillo, the assistant manager, refused to let her deposit and withdraw funds and said he would

20

21        [2]  The following cases brought by plaintiff in this court have been dismissed for lack of

22   subject matter jurisdiction:  Alfaro v. Social Security Administration, case No. CIV S-06-0294 MCE DAD PS, closed February 20, 2007; Alfaro v. City of Sacramento, case No. CIV S-06-

23   1355 FCD GGH PS, closed September 6, 2006; Alfaro v. Alcohol and Drug Administration, case No. CIV S-06-1370 GEB GGH PS, closed October 3, 2006; Alfaro v. Barnicoat, case No. CIV S-

24   06-1614 MCE DAD PS; Alfaro v. Miranda, case No. CIV S-06-1687 LKK EFB PS, closed October 10, 2006; Alfaro v. Rameriz, case No. CIV S-1689 DFL EFB PS, closed December 21,

25   2006; Alfaro v. Burney, case No. CIV S-01783 DFL EFB PS, closed December 21, 2006; Alfaro v. Bank of America, case No. CIV S-06-1808 DFL GGH PS, closed December 21, 2006; Alfaro

26   v. US Bank, case No. CIV S-06-1809 GEB EFB PS, closed December 5, 2006; Alfaro v. Alfaro, case No. CIV S-06-2460 LKK GGH PS, closed January 26, 2007.

1    put a hold on her account until she paid a past due bill on another bank account; she paid the past

2    due amount and brought defendant Castillo a receipt showing the account was paid; defendant

3    Castillo still refused to let her deposit and withdraw funds; plaintiff closed her Citi Bank account

4    on October 3, 2006, and opened a new account at another bank; plaintiff asked Citi Bank to

5    transfer the money in her closed account to her new Bank of America account and was told she

6    only had $4.30 in her account; plaintiff deposited large sums on September 9, 2006, and was not

7    permitted to withdraw the money and should have had thousands of dollars in her account on

8    October 3, 2006; additional sums pending deposit by direct deposit were never deposited.

9            On these facts, the undersigned finds that the court lacks subject matter

10   jurisdiction over this action.  See Bell v. Hood, 327 U.S. 678, 682-83 (1946) (recognizing that a

11   claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and

12   frivolous" and "so patently without merit as to justify" dismissal for lack of jurisdiction );

13   Hagans v. Lavine, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for

14   lack of jurisdiction if it is "so insubstantial, implausible, foreclosed by prior decisions of this

15   Court or otherwise completely devoid of merit as not to involve a federal controversy within the

16   jurisdiction of the District Court").  See also Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th

17   Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer federal subject matter

18   jurisdiction . . . and may be dismissed sua sponte before service of process.").

19           Based on plaintiff's history of filing obviously frivolous actions, it would be futile

20   to grant leave to amend.  The undersigned will therefore recommend that plaintiff's in forma

21   pauperis application be denied and this action be dismissed with prejudice for lack of subject

22   matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3).

23           Accordingly, IT IS HEREBY RECOMMENDED that:

24           1.  Plaintiff's February 23, 2007 application to proceed in forma pauperis be

25   denied; and

26           2.  This action be dismissed with prejudice for lack of subject matter jurisdiction.

1        These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten (10)

3  days after being served with these findings and recommendations, plaintiff may file written

4  objections with the court.  A document containing objections should be titled "Objections to

5  Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

6  objections within the specified time may waive the right to appeal the District Court's order.  See

7  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

8  DATED: April 18, 2007.

9

10                                        _Dale A. Drozd_____

11                                        DALE A. DROZD
                                          UNITED STATES MAGISTRATE JUDGE
12  DAD:kw
    Ddad1\orders.prose\alfaro0363.f&rifpjur
13

14

15

16

17

18

19

20

21

22

23

24

25

26